IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIANNE J. GREEN                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:19-CV-519-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
TRANSPORTATION                                                               DEFENDANT

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Mississippi Transportation Commission ("MTC"), specially appearing on behalf of the Mississippi Department of Transportation ("MDOT"), by and through counsel for this specific purpose, files this Answer and Defenses to Plaintiff's Complaint ("Complaint"), and would respectfully show unto the Court the following, to-wit:

### GENERAL DENIAL AND ANSWER

Defendant MDOT generally denies all of the averments contained in the Complaint, except those expressly set forth to the contrary herein, and demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

Defendant MDOT denies the allegations of the Complaint and would specifically plead that Plaintiff has failed to state a claim against Defendant upon which relief can be granted, and the Complaint filed against Defendant should be dismissed for Plaintiff's failure to state a claim against it with regard to the facts and circumstances of this matter.

### SECOND AFFIRMATIVE DEFENSE

Lack of Jurisdiction and Insufficiency of Process and/or Insufficient Service of Process. Defendant MDOT is not a body politic, person, corporation or other type of entity capable of being

sued or against which any relief can be granted.  Therefore, this Complaint should be dismissed pursuant to the Federal Rules of Civil Procedure, including Rules 12(b)(6), 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules.

### THIRD AFFIRMATIVE DEFENSE

To the extent requested, Plaintiff is not entitled to declaratory or injunctive relief, or any other relief because Plaintiff is not faced with any threat of harm and has not suffered any damages as alleged in her Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Defendant MDOT denies Plaintiff sustained any damages as alleged in her Complaint and any alleged damages were caused by her failure to mitigate her damages.  To the extent Plaintiff has failed to comply with her duty to mitigate her claims of damages, her entitlement to which expressly is denied, such damages must be reduced.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, collateral estoppel, equitable estoppel, judicial estoppel, and *res judicata*.

### SIXTH AFFIRMATIVE DEFENSE

Defendant MDOT should not be held liable for Plaintiff's claims on the ground that any alleged claims are barred by the doctrine of sovereign immunity and/or all applicable provisions of the Mississippi Tort Claims Act including, but not limited to, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief pursuant to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by all the applicable statutes of limitation which may apply to Plaintiff's claims and Compliant filed against Defendant MDOT.

## NINTH AFFIRMATIVE DEFENSE

Any claims asserted in the Complaint which were not the subject of a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or brought within the applicable limitations period for suit are barred by the statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

Defendant MDOT pleads that all actions taken and decisions made by it in connection with Plaintiff and/or her employment were made for legitimate, non-discriminatory reasons and were in no way based upon any unlawful or discriminatory reasons or practices.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to state in her Complaint and cannot establish a *prima facie* case of discrimination under federal law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims should be dismissed to the extent she has failed to exhaust her administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Title VII to pursue claims which are beyond the scope of her EEOC charge.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant MDOT pleads that Plaintiff's alleged damages under Title VII and 42 U.S.C. 2000e are limited by 42 U.S.C. § 1981a.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant MDOT pleads all other available defenses, limitations, and conditions afforded under Title VII.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to litigate claims arising out of the acts or omissions occurring more than 180 days prior to the filing of her charge of discrimination with the EEOC, the claims are barred by the applicable statutes of limitations set forth in Title VII.

## SEVENTEENTH AFFIRMATIVE DEFENSE

MTC and Defendant MDOT reserve the right to amend this Answer to assert additional affirmative defenses that become applicable to Plaintiff's claim through further investigation and discovery.

## ANSWER

Without waiving any of the defenses stated herein, Defendant MDOT responds to the allegations contained in the Complaint, paragraph by paragraph, as follows:

Defendant MDOT admits that Plaintiff has filed the instant Complaint but denies there is any basis to Plaintiff's claims against Defendant MDOT and denies any and all remaining allegations contained in the un-numbered Paragraph of the Complaint beginning with "This is an action to recover…."

1. With respect to Paragraph 1 of the Complaint, Defendant admits the allegations contained in Paragraph 1 based upon its records.

2. With respect to Paragraph 2 of the Complaint, Defendant denies the first sentence of Paragraph 2 as stated but admits Defendant is a state agency as described in § 65-1-2 of the

4

Miss. Code Ann. and the third sentence of Paragraph 2.  Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      With respect to Paragraph 3 of the Complaint, Defendant admits that Plaintiff has filed the instant Complaint but denies there is any basis to Plaintiff's claims against Defendant MDOT and denies any and all remaining allegation contained in Paragraph 3.

4.      With respect to Paragraph 4 of the Complaint, Defendant admits that Plaintiff is a female employed with the Mississippi Department of Transportation for fifteen (15) years, has worked under the supervision of Jeff Sistrunk, who held the position of Maintenance Superintendent 2, and that the position of Maintenance Superintendent 2 entails supervising maintenance crews.  Defendant denies all remaining allegations contained in Paragraph 4 and demands strict proof thereof.

5.      Defendant denies all allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6.      Defendant denies all allegations contained in Paragraph 6 of the Complaint and demands strict proof thereof.

7.      With respect to Paragraph 7 of the Complaint, Defendant admits that James Lewis is a male employed with the Mississippi Department of Transportation for eight (8) years and was given the position.  Defendant denies all remaining allegations contained in Paragraph 7 and demands strict proof thereof.

8.      Defendant denies all allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9.      With respect to Paragraph 9 of the Complaint, Defendant admits the allegations contained in Paragraph 9.

10.     Defendant denies all allegations contained in Paragraph 10 of the Complaint and demands strict proof thereof.

### REQUEST FOR RELIEF

Defendant denies the allegations contained in the un-numbered Paragraph of the Complaint beginning with "Plaintiff requests actual damages…" and further denies Plaintiff is entitled to relief of any type.

WHEREFORE, PREMISES CONSIDERED, MTC and Defendant MDOT respectfully request that this Court dismiss Plaintiff's Compliant and award Defendant's cost, expenses, attorneys' fees and any other relief that is warranted or the Court deems proper.

Respectfully submitted, this the 2nd day of August, 2019.

MISSISSIPPI TRANSPORTATION
COMMISSION


BY:     /s/ *Rodney M. Love*_____
        RODNEY M. LOVE, MSB #103143


RODNEY M. LOVE
Mississippi Transportation Commission
Post Office Box 1850
Jackson, MS 39215-1850
Telephone: 601-359-7600
Facsimile:  601-359-7774
rlove@mdot.ms.gov

ROY M. TIPTON, MSB #8226
Special Assistant Attorney General
Office of the Attorney General
P.O. Box 1850
Jackson, MS  39215-1850
Telephone: 601-359-7600
Facsimile: 601-359-7774
rmtipton@mdot.ms.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day electronically filed the foregoing

pleading with the Clerk of the Court using the ECF system, which sent notification of such filing

to the following:

> Jim Waide
> Waide & Associates, P.A.
> Post Office Box 1357
> Tupelo, MS 38802-1357

This the 2nd day of August, 2019.

> /s/ *Rodney M. Love*_____
> Rodney M. Love, Esq.