IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIANNE J. GREEN     PLAINTIFF

VS.     CIVIL ACTION NO. 3:19-CV-519-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
TRANSPORTATION     DEFENDANT

**MEMORANDUM IN SUPPORT OF DEFENDANT MDOT'S MOTION *IN LIMINE***

COMES NOW, the Mississippi Transportation Commission, specially appearing on behalf of the Mississippi Department of Transportation ("MDOT"), by and through counsel for this specific purpose, and files this Memorandum in Support of Defendant MDOT's Motion *In Limine* and would show unto the Court the following:

INTRODUCTION

Defendant MDOT moves to exclude references to statements and evidence in this case pursuant to Fed. R. Evid. 401, 402, 403, 404, and 602. Specifically, MDOT moves to exclude statements Randall Copeland allegedly made to another MDOT employee, Paula Williams, regarding her branch director position. The alleged statements concerning Paula Williams' replacement after her retirement are irrelevant hearsay and/or stray remarks that do not relate to Plaintiff or the DOT-Maintenance Superintendent II position ("Position") at issue in this case. More importantly, the statements are too vague to have any probative value, insufficient to establish discrimination, and too remote in time[1] and substance to be relevant or connected to the applicable employment decision.

---

[1] Paula Williams testified that the alleged statement was made six (6) or seven (7) years ago.

In addition, MDOT moves to exclude all opinion testimony regarding the qualifications of candidates for the Position offered by witnesses who were not part of the interview panel and candidate selection process for the Position. All such improper opinion testimony is not based upon the actual, required qualifications for the Position and should be excluded.

CASE BACKGROUND

A. Relevant Facts

Paula Williams is an MDOT employee who has worked for MDOT over thirty-five (35) years. Williams Dep. [45-3] at 4:17-18. She is a branch director for Maintenance and has held her current position for over thirteen (13) years. *Id*. at 4:23-25, 5:18-20. During her deposition, Paula Williams testified that Randall Copeland told her, "[W]hen [she] retired, there wouldn't be a woman replacing [her]." *Id*. at 10:14-17. According to Paula William, Randall Copeland allegedly made the statement when he first came to work in Maintenance, about six or seven years ago. *Id*. at 11:17-19. She further testified that Randall Copeland later told her that, "[H]e wants to bring a woman in [her] position." *Id*. at 11. In addition to being too vague and insufficient to establish discrimination, the alleged statements were neither related to Plaintiff nor the DOT-Maintenance Superintendent II position ("Position") or employment decision at issue in this case. Furthermore, Paula Williams was not part of the hiring process for the referenced position. *Id*. at 12:5-8.

In addition, during depositions several witnesses, who were not part of the interview panel and candidate selection process, provided improper opinion testimony regarding the qualifications of the candidates for the Position. The referenced opinions concerning the qualification of candidates were neither based on personal knowledge nor based on the actual requirements and qualifications for the Position as later explained. *See* Green Dep. [45-1] at pgs. 38, 39, 51; Luse Dep. [45-4] at pg. 8; Sistrunk Dep. [45-6] at pgs. 20, 21, 22, 25.

LEGAL ANALYSIS

   A. Standard

The standard to be applied by the Court in considering a motion *in limine* is that such a motion should be granted when the evidence in question will be inadmissible at trial under the rules of evidence and the mere offer, reference or statements during trial concerning the evidence will tend to prejudice the jury. *Dixon v. International Harvester Co.,* 754 F. 2d 573 (5th Cir. 1985). A motion in limine allows the parties to resolve evidentiary disputes before the trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). As espoused in *Otis v. Moseley,* 2015 WL 1198429 (S.D. Miss. March 13, 2015), "[m]otions *in limine* are made prior to trial 'for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on jurors' minds.'" *Id. (citing O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

   B. Plaintiff plainly intends to improperly and unfairly prejudice the jury against MDOT by introducing inadmissible evidence suggesting at trial that Randall Copeland made discriminatory statements to Paula Williams.

Defendant anticipates that Plaintiff will offer evidence or arguments concerning statement Randall Copeland allegedly made to Paula Williams concerning her replacement after she retired. Such arguments or reference thereto are inadmissible on the grounds that they are not related to the Position at issue in this case and amount to irrelevant hearsay and/or stray remarks. Moreover, the alleged statements are too vague to have any probative value, insufficient to

establish discrimination, and too remote in time and substance to be relevant or connected to the applicable employment decision.

1. Inadmissible under 401 and 402

Federal Rule of Evidence 401 provides the test for relevant evidence. To be relevant, evidence must have "a tendency to make a fact more or less probable than it would be without the evidence." The statements[2] Randall Copeland allegedly made to Paula Williams concerning her position have no possible probative value on Plaintiff's employment discrimination claim because they are remote in time and unrelated to the position at issue. Thus, the evidence would be inadmissible under Federal Rule of Evidence 402.

2. Inadmissible under 404(b)

Fed. R. Evid. 404(b)(1) prevents evidence of an other wrong or act to show some aspect of Randall Copeland's "character in order to show that on a particular occasion [he] acted in accordance with the character." The Plaintiff wants to use alleged discriminatory statements[3] Randall Copeland purportedly made to Paula Williams concerning her branch director position as character evidence to prove he discriminated against the Plaintiff regarding a later position or employment opportunity. These alleged discriminatory statements constitute an "other act" under 404(b)(1). Such evidence is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be used to show that Randall Copeland discriminated against Plaintiff concerning the Position at issue in this case.

---

[2] "[W]hen [she] retired, there wouldn't be a woman replacing [her]." Williams Dep. [45-3] at 10:14-17; and "[H]e wants to bring a woman in [her] position." *Id*. at 11

[3] *Id*.

4

3. Inadmissible under 403

Even if some relevancy of the statements could be argued, Fed. R. Evid. 403 bars the use of the isolated discriminatory statements allegedly made to Paula Williams nearly seven (7) years before the employment decision at issue. Such unrelated[4] statements are considered stray remarks that are too vague and too remote in time to support a finding of discrimination. *See Jackson v. Cal-Western Packaging Corp*., 602 F.3d 374, 380 (5th Cir. 2010); *see also Hollins v. Premier Ford Lincoln Mercury, Inc*., 766 F.Supp.2d 736, 750-51 (2001); *Brewer v. All. Healthcare Servs*., No. 4:11CV130-SA-JMV, 2013 WL 1896132, at *5 (N.D. Miss. May 6, 2013) (stray remarks made over one year before the adverse employment decision were insufficient to demonstrate gender or age discrimination); *Rogers v. Medline Indus., Inc*., 361 F. Supp. 3d 616, 627-28 (S.D. Miss. 2019); *Comer v. Jesco, Inc*., No. CIV.A.1:96CV173-D-D, 1997 WL 671617, at *5 (N.D. Miss. Sept. 26, 1997) ("'[A] single comment, made several years prior to the challenged conduct, is a stray remark too remote in time to support an inference of sex discrimination in later employment actions.'"); *Charles "Randy" Reich v. Mueller Cooper Tube Co*., Inc., No. 1:15-CV-123-NBB-DAS, 2017 WL 277535, at *1 (N.D. Miss. Jan. 19, 2017) (Court excluded testimony too remote in time to be probative). Furthermore, admission of testimony concerning alleged discriminatory comments Randall Copeland made to Paula Williams seven years ago, which clearly is not related to Plaintiff's claim, should be excluded to prevent multiple trials and MDOT from being substantially prejudiced. *See Charles "Randy" Reich v. Mueller Cooper Tube Co*., Inc., No. 1:15-CV-123-NBB-DAS, 2017 WL 277535, at *1 (N.D. Miss. Jan. 19, 2017) (By admitting such evidence, Defendant MDOT would be

---

[4] The alleged statement(s) concerning Paula Williams' position is neither related to the employment decision at issue in this case nor MDOT's decision not to promote Plaintiff.

substantially prejudiced and forced to respond to each witness' claims, ultimately creating a "trial within a trial.").

Fed. R. Evid. 403 provides that evidence is not admissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Thus, the danger of unfair prejudice, confusion of issues, or misleading the jury concerning pursuing and defending claims of discrimination alleged against Plaintiff and Paula Williams substantially outweighs any potential probative value.

> C. <u>Plaintiff plainly intends to improperly and unfairly prejudice the jury against MDOT by introducing unsubstantiated opinion testimony regarding the qualifications of candidates.</u>

Defendant also anticipates that Plaintiff will offer evidence of improper, unsubstantiated opinion testimony regarding the qualification of candidates for the Position. *See* Green Dep. [45-1] at pgs. 38, 39, 51; Luse Dep. [45-4] at pg. 8; Sistrunk Dep. [45-6] at pgs. 20, 21, 22, 25. During depositions, the referenced, improper opinions[5] concerning whether candidates were qualified for the Position were not were not based on the actual requirements and qualifications listed in the job announcement ("Job Announcement"). *Id.*; *see also* [Doc. 42-4]. Rather, the opinions were unsubstantiated and neither based on personal knowledge nor the applicable qualification and requirement per the Job Announcement. Accordingly, such evidence is inadmissible pursuant to Fed. R. Evid. 401, 402, 403 and 602.

## CONCLUSION

Testimony of the statements Randall Copeland allegedly made to Paula Williams concerning her branch director position and opinion testimony offered by witnesses who were not part of the interview panel and candidate selection process will be inadmissible at trial, and

---

[5] *See* Green Dep. [45-1] at pgs. 38, 39, 51; Luse Dep. [45-4] at pg. 8; Sistrunk Dep. [45-6] at pgs. 20, 21, 22, 25.

the mere mention or suggestion at trial will taint the jury against MDOT in a way that the Court will not be able to neutralize. Defendant MDOT requests the Court issue an order *in limine* to prohibit Plaintiff, Plaintiff's counsel, Plaintiff's witnesses or any other persons from offering testimony, mentioning in *voir dire* or opening and/or closing statements, referencing in testimony or offering into evidence any of the matters as set forth above and to further instruct Plaintiff and her counsel not to make any reference to the fact that this motion has been granted and to warn and cause each and every witness to strictly follow the same instructions.

Respectfully submitted, this the 29th day of January, 2021.

                                                      MISSISSIPPI TRANSPORTATION
                                                      COMMISSION

                                            BY:    /s/ *Rodney M. Love*_____
                                                          RODNEY M. LOVE, MSB #103143

RODNEY M. LOVE, MSB #103143
Mississippi Transportation Commission
Post Office Box 1850
Jackson, MS 39215-1850
Telephone: 601-359-7600
Facsimile: 601-359-7774
rlove@mdot.ms.gov

J. WADE SWEAT, MSB #9933
Special Assistant Attorney General
Civil Litigation Division
P.O. Box 220
Jackson, MS 39205-0220
wswea@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Rodney M. Love, do hereby certify that I have this day electronically filed the foregoing motion with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 29th day of January, 2021.

/s/ *Rodney M. Love*_____
Rodney M. Love, Esq.