UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIANNE J. GREEN                                                                                         PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:19-CV-519-DPJ-FKB

MISSISSIPPI DEPARTMENT OF                                                                      DEFENDANT
TRANSPORTATION

ORDER

Plaintiff Dianne J. Green says Defendant Mississippi Department of Transportation (MDOT) violated Title VII by failing to promote her because of her sex.  MDOT now moves in limine to exclude certain evidence.  For the following reasons, its motion [55] is denied except as to Green's lay-witness opinions regarding the comparator's qualifications for the position she was denied.

I.      Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks omitted).  An order granting a motion in limine does not preclude the party sponsoring the evidence from revisiting the issue at trial, but that party must raise the issue outside the jury's presence.  *See El-Bawab v. Jackson State Univ.*, No. 3:15-CV-733-DPJ-FKB, 2018 WL 3715836, at *2 n.1 (S.D. Miss. Aug. 3, 2018).

II.     Analysis

      A.     Evidence Regarding Statements to a Co-Worker

MDOT believes Green will introduce statements Randall Copeland allegedly made to Green's MDOT co-worker Paula Williams.  *See* Def.'s Mot. [55] at 1.  Copeland served on the selection committee that recommended the promotion decision Green now disputes.  Nearly seven years before that decision, he allegedly told Williams that "when [Williams] retired, there wouldn't be a woman replacing [her]."  Def.'s Mem. [56] at 2.  Later, he allegedly told Williams that "[h]e wants to bring a woman in [her] position."  *Id*.  But those later comments came after Green filed suit and about two weeks before Williams's deposition in this case.  *See* Pl.'s Mem. [58] at 3.

MDOT argues that the older comments to Williams constitute stray remarks that are too old and vague to be admitted consistent with Federal Rules of Evidence 401 through 403.  It further says the comments qualify as inadmissible hearsay under Rule 802 and impermissible character evidence under Rule 404(b).  Def.'s Mem. [56] at 2.

To begin, the comments are relevant and not unfairly prejudicial.  Rule 401 states that "evidence is relevant if [ ] it has any tendency to make a fact more or less probable."  Copeland was the Assistant District Maintenance Engineer and sat on the interview panel that denied Green the disputed promotion.  Comments he allegedly made reflecting gender bias would make it more probable that gender-based animus contributed to Green's denied promotion.  The comments are relevant.

      Turning to the stray-remarks argument, the Fifth Circuit has repeatedly explained that

> comments are evidence of discrimination only if they are 1) related to the
> protected class of persons of which the plaintiff is a member; 2) proximate in time

2

> to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue. Comments that do not meet these criteria are considered "stray remarks," and *standing alone*, are insufficient to defeat summary judgment.

*Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (emphasis added) (citations omitted).

The comments regarding Williams fail this test and are therefore stray remarks, but that does not mean they are inadmissible. *See E.E.O.C. v. Mansville Sales Corp.*, 27 F.3d 1089, 1093–94 (5th Cir. 1994) (reversing judgment where relevant stray remarks were excluded from evidence). Moreover, the remarks do not stand alone; Copeland allegedly made other similar remarks regarding Green's desired promotion. *See* Order [52] at 9 (holding that Green created question of fact whether other statements from Copeland constituted direct evidence of discrimination).

Nor would Rule 403 sanction a blanket exclusion of this evidence in limine. First, the evidence is probative for the reasons noted above. Second, the age of the comments does not necessarily render them unfairly prejudicial to the extent necessary to substantially outweigh probative value. *See E.E.O.C.*, 27 F.3d at 1093–94 (noting that comments over a long period "may indicate a pattern"). Here, the comments to Williams may reflect a pattern when linked with the comments Copeland allegedly made regarding the disputed promotion; or at least a jury could conclude that his opinions had not changed over time. Third, Copeland allegedly made female-friendly comments to Williams just before her deposition in this case; Green says he was attempting to cover his tracks regarding the older comments to Williams. The various conversations would collectively be probative of alleged pretext. So, on this record, it does not appear that the potential for unfair prejudice substantially outweighs probative value. *See* Fed.

R. Evid. 403.  Moreover, the risk of delay or confusion MDOT says would occur due to the need for a series of mini-trials is not evident because there are only two alleged statements to Williams.

Turning to the hearsay objection, Copeland's alleged statements are not hearsay under Rule 802.  Rule 801(d)(2)(C) provides that statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" are "not hearsay." Copeland was a management-level employee when he spoke to Williams, and there is evidence that his position gave him influence over hiring decisions.  Regardless, Green has not offered the alleged statements for their truth—i.e., that Williams would eventually be replaced by a man.  As Green argues, she intends to offer the statements as "evidence of discriminatory animus by Copeland against females."  Pl.'s Resp. [58] at 3.  And, even if hearsay, they fall under the exception found in Rule 803(3) because they reflect the declarant's "then-existing state of mind (such as . . . motive, intent, or plan)."

As for Rule 404(b)(1), that rule does preclude evidence of other wrongs or bad acts when used to prove a person's character and that he or she "acted in accordance with the character." But what Rule 404(b)(1) gives, Rule 404(b)(2) takes away.  That subpart allows evidence of other wrongs or bad acts when offered for "another purpose, such as proving . . . intent."  Fed. R. Evid. 404(b)(2).  Here, a reasonable jury could conclude that the alleged statements to Williams reflect intent, and the Court will give a limiting instruction if requested.

To conclude, Copeland allegedly discriminated against Green based on her gender, and a jury could find that the disputed comments reflect gender bias.  Though they related to another employee and her position, such evidence is neither per se admissible nor per se inadmissible. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).  The Court must therefore

carefully consider the disputed evidence in the context for which it is offered. *Id.* And here, MDOT has not demonstrated that the evidence should be excluded in limine; MDOT may object at trial.

      B.      Opinion Testimony Regarding Candidate Qualifications

MDOT "anticipates that Plaintiff will offer evidence of improper, unsubstantiated opinion testimony regarding the qualification of candidates for the Position." Def.'s Mem. [56] at 6. In its Reply, MDOT more specifically highlights anticipated testimony from Green and two additional witnesses (Jeffrey Sistrunk and James Luse) concerning Green's qualifications and those of a comparator (Shawn Lewis). *See* Def.'s Reply [60] at 8. Green and Sistrunk opined that Lewis was not qualified for the promotion; Luse testified that Green was qualified for the position. *See id.* at 8–9.

MDOT generally contends that the witnesses lack personal knowledge and should otherwise be precluded from offering unsupported opinion testimony. Federal Rule of Evidence 701 permits opinion testimony from lay witnesses, but the testimony must be "rationally based on the witness's perception." Fed. R. Evid. 701(a). So too, Rule 602 requires personal knowledge.

It appears that both Sistrunk and Luse possessed sufficient personal knowledge to offer lay opinions regarding the applicants. Green was denied the superintendent position in Leake County, a position Sistrunk held before his retirement. Luse held the same position in Madison County. And both directly supervised Green who split her time between counties. Sistrunk— who opined about Lewis's qualifications—was Lewis's direct supervisor and could speak to his abilities and experience. Any holes in their knowledge would go to weight.

That said, the record is thin regarding Green's knowledge of Lewis's experience. Accordingly, the motion is granted as to Green's lay opinions about Lewis. Before she may reveal those opinions, counsel must lay a proper foundation demonstrating personal knowledge. If the foundation is lacking, then MDOT may object before Green speaks further. Finally, MDOT may obviously object at trial if it believes a proper foundation is lacking as to Sistrunk and Luse.

III.     Conclusion

The Court has considered all arguments; those not addressed would not have changed the results. It is, therefore, ordered that MDOT's motion is granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
